UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HERIBERTO F. SARABIA,<br><br>                Petitioner,<br><br>v.<br><br>RANDY BLADES, BRENT REINKE, and LAWRENCE WASDEN,<br><br>                Respondents. | Case No. 1:14-cv-00313-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Heriberto F. Sarabia's Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, and Petitioner has filed a response.[1] (Dkt. 8, 14.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondents' Motion and dismissing all of Petitioner's claims with prejudice as procedurally defaulted.

---

1    The Court will grant Petitioner's Motion for Enlargement of Time (Dkt. 12) to Respond to Respondents' Motion for Summary Dismissal. Petitioner's response (Dkt. 14) is deemed timely.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondents on February 12, 2015. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner was convicted by a jury in the Fourth Judicial District in Ada County, Idaho, of three counts of lewd conduct with a minor under sixteen years of age, and one count of injury to a child, in violation of Idaho Code §§ 18-1508 and 18-1501(1). (State's Lodging D-3 at 1.) He was sentenced to concurrent unified sentences of life in prison with ten years fixed on each of the lewd conduct counts, and ten years in prison with four years fixed on the injury to a child count. (State's Lodging B-3 at 1.)

On direct appeal, Petitioner claimed that the trial court abused its discretion in imposing excessive sentences. (State's Lodging B-1.) The Idaho Court of Appeals affirmed. (State's Lodging B-3.) The Idaho Supreme Court accepted Petitioner's untimely petition for review, which it later denied. (State's Lodging B-7 & B-8.)

Petitioner then filed a state petition for postconviction relief, alleging three broad categories of claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of direct appeal counsel; and (3) prosecutorial misconduct. These claims contained numerous sub-claims. (State's Lodging C-1 at 8-14.) The state district court appointed counsel for Petitioner and ordered an evidentiary hearing. (State's Lodging C-1 at 51; C-2 at 6-8.)

At the evidentiary hearing, Petitioner submitted evidence with respect only to three sub-claims of ineffective assistance of trial counsel: (1) counsel failed to investigate and

**MEMORANDUM DECISION AND ORDER - 2**

present the testimony of the victim's biological father; (2) counsel failed to investigate and present the testimony of Petitioner's niece; and (3) counsel failed to allow Petitioner to plead guilty on the injury to a child count and go to trial only on the lewd conduct counts. (State's Lodging C-3.)

Following the evidentiary hearing, the state postconviction court denied these three claims on the merits. The trial court (1) held that the victim's biological father and Petitioner's niece had no material testimony to offer, and (2) found incredible Petitioner's testimony that he asked to plead guilty to the injury to a child count. (State's Lodging C-1 at 136-40.) With respect to the other claims included in Petitioner's postconviction application, the court noted that "the only issue that evidence was offered on [at the evidentiary hearing] was the failure to call [the victim's father and Petitioner's niece] and some error with respect to [the injury to a child count]." (*Id*. at 137.) Relying on *Loveland v. State*, 120 P.3d 751 (Idaho Ct. App. 2005)—which held that a court need not accept as true the allegations in a postconviction petition if an evidentiary hearing is held—the court dismissed "all other claims" in Petitioner's postconviction application. (State's Lodging C-1 at 137.)

On appeal from the denial of postconviction relief, Petitioner argued only that the state district court erred by "fail[ing] to rule on all of [Petitioner's] claims in post-conviction." (State's Lodging D-1 at 3.) In so arguing, Petitioner relied on an Idaho Supreme Court decision for the proposition that a court "abuses its discretion and creates reversible error when it fails to issue a ruling on matters before it." (*Id*., citing *Dawson v.*

**MEMORANDUM DECISION AND ORDER - 3**

*Cheyovich Family Trust*, 234 P.3d 699, 704 (Idaho 2010).) Petitioner did not cite a single federal case or federal constitutional provision in his appellate briefing, nor did Petitioner argue that the trial court erred in rejecting, on the merits, his ineffective assistance claims regarding the two potential witnesses and the plea issue on the injury to a child count. The Idaho Court of Appeals noted that Petitioner "posit[ed] no error with respect to the district court's dispositions of these three claims," held that the lower court properly dismissed the remaining claims for failure to support them with evidence at the evidentiary hearing, and rejected Petitioner's argument that the lower court had not actually ruled on all of Petitioner's postconviction claims. (State's Lodging D-3 at 2, 3.)

Petitioner requested that the Idaho Supreme Court review the decision of the court of appeals, again arguing only that the state district court failed to rule on all of his claims—Petitioner did not assert any error with respect to the claims decided on the merits by the state district court. (State's Lodging D-5.) The Idaho Supreme Court denied review. (State's Lodging D-6.)

In the instant federal habeas petition, Petitioner asserts numerous claims and sub-claims, all of which allege ineffective assistance of trial counsel, ineffective assistance of direct appeal counsel, or prosecutorial misconduct. (Dkt. 1; Dkt. 4 at 3.)

## DISCUSSION

### 1. Standards of Law

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the

**MEMORANDUM DECISION AND ORDER - 4**

face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the

**MEMORANDUM DECISION AND ORDER - 5**

highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

**2.    All of Petitioner's Claims Are Procedurally Defaulted**

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

The only claim raised by Petitioner during his direct appeal is that his sentences were excessive under Idaho state law. (State's Lodging B-1.) During Petitioner's state postconviction proceedings, the only claim Petitioner raised to the Idaho Court of Appeals

**MEMORANDUM DECISION AND ORDER - 6**

and the Idaho Supreme Court is that the state district court erred, as a matter of Idaho state law, by failing to rule on all of Petitioner's postconviction claims. (State's Lodging D-3 & D-5.)

But Petitioner does not assert either claim in the instant petition. Indeed, such claims, based on state law, would be dismissed as non-cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner did not raise any of his federal habeas claims in his state appellate briefing, and it is now too late for him to do so. *See Gray*, 518 U.S. at 161-62. Therefore, Petitioner's claims are procedurally defaulted.

## CONCLUSION

For the foregoing reasons, all of the claims included in the instant habeas petition are procedurally defaulted. Because Petitioner does not contend that cause and prejudice or actual innocence excuses the default (*see* Dkt. 14), the entire Petition is subject to summary dismissal with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Enlargement of Time to Respond to Respondents' Motion for Summary Dismissal (Dkt. 12) is GRANTED.

**MEMORANDUM DECISION AND ORDER - 7**

2. Respondents' Motion for Summary Dismissal (Dkt. 8) is GRANTED, and this action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: July 13, 2015

Edward J. Lodge
United States District Judge